IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MATTIE LILLIE BESHEARS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:12-00087 |
| | ) | CHIEF JUDGE HAYNES |
| v. | ) | |
| | ) | |
| HENNESSEY INDUSTRIES, INC., and | ) | |
| UAW LOCAL 2303, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, Mattie Lillie Beshears, filed this action under Title VII of the Civil Rights act of 1964, as amended 42 U.S.C. § 2000e et seq., against the Defendants Danaher Corporation and UAW Local 2303 ("UAW"). Plaintiff asserts claims for sex discrimination. In earlier proceedings, Defendant Danaher Corporation and UAW moved to dismiss (Docket Entry Nos. 14, 15), but in light of Plaintiff's filing of her amended complaint, those motions were denied as moot.

Before the Court is the Defendant UAW's motion to dismiss Plaintiff's amended complaint (Docket Entry No. 50) for failure to state a claim under Rule 12(b)(6). In response, Plaintiff alleges that her complaint contains sufficient facts to support her sex discrimination claim against the Defendant UAW. (Docket Entry No. 51).

**A. Analysis of the Amended Complaint**

According to her amended complaint, Plaintiff alleges that on or about May 12, 2009 Plaintiff filed charges of sex discrimination with the Tennessee Human Rights Commission or

1

the Equal Employment Opportunity Commission ("EEOC"). On or about March 15, 2010, Plaintiff received a Notice of Right to Sue regarding these charges on October 20, 2011. (Docket Entry No. 45, Plaintiff's Amended Complaint , ¶¶ 1-9). According to Plaintiff, the Defendants told Plaintiff that work was unavailable given Plaintiff's medical restrictions. Plaintiff alleges that men were subsequently hired for jobs that Plaintiff alleges she could perform with her restrictions. Id. at ¶¶ 8-9. Plaintiff's amended complaint in its narrative of the facts does not attribute any specific act or omission to Defendant UAW. Plaintiff's EEOC charge against UAW alleged that the union did not "assist" Plaintiff in returning to work.

## B. Conclusions of Law

The pleading standard on the motion to dismiss requires only factual allegations that "raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Fed. R. Civ. P. 8(a) provides that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief'. Under Fed. R. Civ. P. 8(e), "Pleadings must be construed so as to do justice." On a motion to dismiss, the Court accepts well-pled factual allegations as true and construes such allegations in the light most favorable to the Plaintiffs, with all reasonable inferences in the Plaintiffs' favor. Bassett v. Nat'l Collegiate Athletic Ass;n, 528 F.3d 426, 430 (6th Cir.2008).

Although "Rule 8(a) does not required a plaintiff to plead his employment discrimination claim with particularity. . . the factual allegations in the complaint must be sufficiently clear to permit the Court and the defendants to ascertain the nature of the claims that are asserted." Howard v. Cargill, Inc., 2009 WL 973086 3 (W.D. Tenn. 2009), citing Swierkiewicz v. Sorema, S.A., 534 U.S. 506 (2002).

2

A labor union owes a statutory duty of fair representation of employees for whom the union serves as collective bargaining agent. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). A union's actions are arbitrary only if "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' . . . as to be irrational." Airline Pilots v. O'Neill, 499 U.S. 65 (1991). Discriminatory conduct is "invidious, hostile treatment," and to prevail on such a claim, there must be substantial evidence of "discrimination that is intentional, severe, and unrelated to legitimate union objectives . . . ." Motor Coach Employees v. Lockridge, 403 U.S. 274, 300-01 (1971).

For these claims, the Sixth Circuit applies a modified McDonnell-Douglas framework for Title VII claims against a union. Driver v. U.S. Postal Service, Inc., 328 F.3d 863, 868-69 (6th Cir. 2003); Hout v. City of Mansfiled, 550 F. Supp. 2d 701, 727 (N.D. Ohio 2008).

> [E]stablish prima facie case of race or sex discrimination against union for alleged failure to assist or file grievances, city employees had to show that (1) city committed violation of collective bargaining agreement (CBA) with respect to employees, (2) union breached its own duty of fair representation (DFR), and (3) union's actions were motivated by racial or sex-based animus.

Hout, 550 F.Supp. 2d at 727 (citing Bugg, 674 F.2d at 599-600 and fn.5).

Plaintiff's amended complaint that is the controlling document does not allege any specific fact or omission of UAW as failing to assist her with any grievance. Although Plaintiff's EEOC charge does refer to the UAW's failure to assist her, Plaintiff's amended complaint does not allege any such fact. The Court concludes that Plaintiff's amended complaint fails to allege facts suggestive that the UAW refused to accept or to process a grievance for Plaintiff, or acted

3

arbitrarily.

For these reasons, the Court concludes that UAW's motion to dismiss should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 7th day of December, 2012.

_____
WILLIAM J. HAYNES, JR.
Chief United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATTIE LILLIE BESHEARS, | ) |
| Plaintiff, | ) CASE NO. 3:12-00087 |
| | ) CHIEF JUDGE HAYNES |
| v. | ) |
| HENNESSEY INDUSTRIES, INC., and UAW LOCAL 2303, | ) |
| Defendants. | ) |

**ORDER**

In accordance with the Memorandum filed herewith, the Defendant UAW Local 2303's motion to dismiss (Docket Entry No. 50) is **GRANTED**. Plaintiff's claims against the Defendant UAW Local 2303 are **DISMISSED with prejudice**.

It is so **ORDERED**.

ENTERED this the ___ day of December, 2012.

WILLIAM J. HAYNES, JR.
Chief United States District Judge